**Robert H. HAMBLIN, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

No. 99–6468.

United States Court of Appeals, Sixth Circuit.

March 26, 2001.

**450**

Before KRUPANSKY, BATCHELDER, and MOORE, Circuit Judges.

KRUPANSKY, Circuit Judge.

Appellant Robert Hamblin challenges the lower court's dismissal of his supplemental security income benefits claim which had been previously denied by the Social Security Administration.

Hamblin was born March 29, 1959. He is forty-one years old. Appellant filed a claim for supplemental security income benefits on August 15, 1991, claiming disabling lower back pain. The claim was denied initially and on reconsideration, and the appellant filed a request for a hearing on April 13, 1992. Following a hearing on July 13, 1992, Administrative Law Judge Michael J. Davenport, by decision dated October 23, 1992, found that appellant could not return to any past work and was limited exertionally to sedentary work, but that he was not disabled. A request for review was filed on October 30, 1992. By order dated May 13, 1993, the Appeals Council granted the appellant's request for review. The Appeals Council concluded that appellant was disabled and that alcoholism was a contributing factor material to the claimant's disability.

In 1996, Congress amended the Social Security Act as follows:

An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

Pub. L. No. 104–121, 110 Stat. 847, § 105(b)(1) (1996). The Commissioner was instructed to contact all claimants who had already been awarded benefits and came under the purview of this section that benefits would terminate. Claimants were then given the opportunity to reapply for SSI benefits with "a new medical determination." *Id.* at § 105(b)(C).

Hamblin was notified on August 21, 1996 that, because alcoholism had been deemed to be material to the determination of his disability, his disability benefits would terminate on January 1, 1997. On September 23, 1996, appellant filed a request for a hearing, and on March 12, 1997, a hearing was held before Administrative Law Judge Jack B. Williams. On June 27, 1997, the ALJ issued a decision which concluded that appellant was not entitled to supplemental security income benefits. The ALJ found that Hamblin was not disabled because none of his impairments met or equaled the criteria listed in the regulations and that he retained the residual functional capacity to return to past relevant work.

On July 10, 1997, appellant filed a request for review of that decision. The Appeals Council denied the appellant's request on July 23, 1998. Following the denial of the claimant's request for review, an appeal was taken to the federal district court. On August 20, 1999, United States Magistrate Judge Thomas W. Phillips granted summary judgment for the appellee and the case was dismissed. The magistrate found that the ALJ's decision was supported by substantial evidence in the record. An appeal was timely filed.

In this appeal, Hamblin first argues that the 1991 findings deserve res judicata deference. He cites to caselaw which suggests that a showing of medical improvement is necessary in order to displace earlier findings. *See Drummond v. Commissioner of Social Security,* 126 F.3d 837, 842 (6th Cir.1997) ("When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances."). Hamblin's argument is unavailing. When the Social Security Act was amended to disallow alcoholism as a contributing factor in assessing disability, Congress indicated that for those who had already been found disabled due to alcoholism, a new medical determination would be appropriate:

> Within 90 days after the date of the enactment of this Act, the Commissioner of Social Security shall notify each individual who is entitled to monthly insurance benefits under title II of the Social Security Act based on disability for the month in which this Act is enacted and whose entitlement to such benefits would terminate by reason of the amendments made by this subsection. If such an individual reapplies for benefits under title II of such Act (as amended by this Act) based on disability within 120 days after the date of the enactment of this Act, the Commissioner of Social Security shall, not later than January 1, 1997, complete the entitlement redetermination (*including a new medical determination*) with respect to such individual pursuant to the procedures of such title.

Pub. L. No. 104–121, 110 Stat. 847, § 105(b)(1) (1996) (emphasis added). Due to Congress's amendment of the act, prior entitlements to benefits were terminated and new determinations were required to be assessed. A *new* medical determination could not be made if earlier findings were accorded res judicata status. The ALJ was correct to complete the five-step sequential evaluation process without deference to earlier findings.

Hamblin also charges that the ALJ erred by not deferring to the opinion of his treating doctor, Dr. Nitil Patel, who found that plaintiff was restricted exertionally to sedentary work. The Commissioner argues that the only opinion Dr. Patel submitted offering an assessment of plaintiff's functional abilities and limitations is his November 7, 1991 report. The ALJ relied substantially on the most recent assessment of Hamblin's residual functional capacity, Dr. Page's examination of Hamblin in August, 1996. Dr. Patel's treatment notes and Dr. Page's examination disclose that plaintiff's condition had improved after 1991. In 1993, Dr. Patel's notes that plaintiff's back pain was improving. Dr. Patel observed that in 1995, plaintiff denied any neurological symptoms or weakness, and had back pain only "off and on." In April 1996, plaintiff said he was "overall feeling well" and his back pain was stable. Dr. Page was unable to find any objective evidence that correlated with Hamblin's subjective complaints. Dr. Page concluded that Hamblin could perform medium work.

A treating physician's opinion is afforded great weight if it is consistent with the evidence and supported by sufficient clinical findings. *See Cutlip v. Secretary of Health and Human Servs.,* 25 F.3d 284, 287 (6th Cir.1994). However, an ALJ is not bound by a treating physician's opinion if there is substantial evidence to the contrary. *See id.* Dr. Page's more recent examination discounts Dr. Patel's outdated assessment and it is supported by the appellant's own attestation that his physical condition has improved. The ALJ's residual functional capacity finding is also supported by substantial evidence.

■ Hamblin also questions the legitimacy of the questions the ALJ directed to the vocational expert at the hearing and the answers which the ALJ relied upon for his finding that Hamblin could return to previous work. Although a vocational expert may respond to several hypothetical questions assuming various physical conditions and/or impairments allegedly displayed by a claimant, the hypothetical questions and material responses thereto must be anchored in, and supported by, material evidence developed in the record. *See Maziarz v. Secretary of Health and Human Services,* 837 F.2d 240, 247 (6th Cir.1987); *Casey v. Secretary of Health and Human Services,* 987 F.2d 1230, 1235 (6th Cir.1993). The ALJ directed the vocational expert to assume a younger individual with limited or less literacy and a borderline IQ, who could not work closely or intimately with others including the public, who had a work history identical to that of Hamblin's, and who was limited to medium work. The vocational expert responded that appellant could perform his past work as a package store stocker, as well as a range of light exertional positions including janitor, cleaner, stock and inventory clerk, and kitchen worker.

■ Hamblin had the burden of proving that his ability to work with others was *severely* impaired, thereby ensuring that no jobs would be available in the numbers sufficient to preclude a finding of disability. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). As evidentiary support, Hamblin relies upon Dr. Davis's psychological assessment. However, Dr. Davis does not indicate that Hamblin is severely impaired in his dealings with other people, only that he would have difficulty getting along with people. Indeed, the vocational expert detailed jobs that did not have inordinate contact with the public. The ALJ's finding that Hamblin's residual functional capacity would not preclude him from returning to previous work is supported by substantial evidence.

For the foregoing reasons, the judgment of the district court is AFFIRMED.