*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2002 FED App. 0348P (6th Cir.)
File Name: 02a0348p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DANIEL L. SMITH,
     *Plaintiff-Appellant,*

     *v.*

WILLIAM A. HALTER,
Commissioner of Social
Security,
     *Defendant-Appellee.*

No. 00-3913

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 99-02113—Peter C. Economus, District Judge.

Submitted: September 13, 2001

Decided and Filed: October 29, 2001[*]

Before: SILER and CLAY, Circuit Judges; GRAHAM,
District Judge.[**]

_____

[*] This decision was originally issued as an "unpublished decision" filed on October 29, 2001. On September 18, 2002, the court designated the opinion as one recommended for full-text publication.

[**] The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

———————————

**COUNSEL**

———————————

**ON BRIEF:** Michael A. Malyuk, MALYUK, TUCKER & GINGRICH, Akron, Ohio, for Appellant. Rick Young, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee.

———————————

**OPINION**

———————————

SILER, Circuit Judge. Plaintiff Daniel L. Smith appeals the district court's dismissal of his appeal of a final decision of the Commissioner of Social Security. He challenges the district court's finding that the Commissioner's decision to deny benefits was supported by substantial evidence. We **AFFIRM**.

## I. BACKGROUND

Smith applied to the Social Security Administration ("SSA") for supplemental security income and disability benefits on October 14, 1993. He claims disability based on neck and shoulder pain, neuropathy in his legs, depression, and migraines. The SSA Appeals Council adopted as the Commissioner's final decision a memorandum opinion in which an administrative law judge ("ALJ") concluded that Smith was not disabled and therefore not entitled to benefits because he could still perform jobs existing in significant numbers in the national economy despite his impairments. The ALJ based his finding on testimony from treating and examining physicians and a vocational expert. The ALJ attached a multiple-choice Psychiatric Review Technique ("PRT") questionnaire to the memorandum opinion which assessed the degree of functional limitation caused by Smith's mental impairment. As part of this assessment, the ALJ marked that Smith "Often" suffered "Deficiencies of

Concentration, Persistence or Pace Resulting in Failure to Complete Tasks in a Timely Manner," a rating in the middle of a five-part scale that ran from "Never" to "Constant." The district court affirmed the Commissioner's final decision.

## II. DISCUSSION

Our review of the Commissioner's decision is limited to determining whether the Commissioner's findings of fact are supported by substantial evidence. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also* 42 U.S.C. § 405(g) (stating that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).

A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments. *See Varley v. Sec'y of HHS*, 820 F.2d 777, 779 (6th Cir. 1987). Here, the ALJ described Smith's work experience and physical restrictions to the vocational expert, and characterized his mental impairment as limiting him to jobs that are routine and low stress, and do not involve intense interpersonal confrontations, high quotas, unprotected heights, or operation of dangerous machinery. The ALJ then asked the expert whether Smith could perform jobs existing in significant numbers in the national economy despite his impairments. The expert identified four such jobs: order clerk, assignment clerk, dispatcher, and telephone answering service operator.

Smith argues that the vocational expert's assessment cannot provide substantial evidence for the ALJ's decision because the ALJ did not accurately characterize Smith's mental impairment in his hypothetical to the expert. Specifically, Smith argues that the ALJ should have added the instruction that the claimant "often" suffers deficiencies in concentration, persistence, or pace resulting in failure to complete tasks in a

timely manner, as the ALJ indicated in the PRT. Under cross examination by Smith's attorney, the vocational expert admitted that such an additional stipulation would affect the claimant's work performance at the four identified jobs and might render it impossible for him to perform one or more of them.

We disagree. The ALJ's "finding" Smith relies on here – that Smith "often" has problems concentrating that preclude him from completing tasks on time – was a single box the ALJ checked in a 1-5 rating scale on a standard psychiatric assessment form. But the ALJ went beyond this simple frequency assessment to develop a complete and accurate assessment of Smith's mental impairment, as *Varley* requires. In particular, the ALJ relied on the testimony of four physicians who characterized Smith's concentration problems as minimal or negligible. The ALJ then translated Smith's condition into the only concrete restrictions available to him – examining psychiatrist Schweid's recommended restrictions against quotas, complexity, stress, etc. – and duly incorporated them into his hypothetical to the vocational expert.

It is true that a fifth physician, Dr. Beckner, concluded that Smith suffered an "inability to concentrate" that made it "difficult to impossible" for Smith to work.[1] However, the ALJ rejected this assessment based on the reports of the other physicians and because it was unsupported by objective medical facts. This represents a credibility determination which this court may not disturb absent compelling reason. *See Varley*, 820 F.2d at 780 (ALJ's credibility determination "should not be discarded lightly"); *Garner*, 745 F.2d at 387 ("This Court may not try the case *de novo*, ... nor decide questions of credibility."). No such reason exists here. Accordingly, this court finds that the ALJ accurately characterized Smith's impairments in his hypothetical to the

---

[1] Beckner later rated Smith as having "fair" ability to maintain attention/concentration and function independently.

vocational expert. Because there are no other apparent defects in that expert's testimony, we conclude that it provides substantial evidence for the ALJ's finding that Smith was capable of performing jobs found in significant numbers in the national economy and thus was not disabled nor entitled to benefits.

The authorities Smith relies on do not compel a different result. *See Herriman v. Apfel*, No. 99-CV-73489-DT, 2000 WL 246598, at *1 (E.D. Mich. Feb. 11, 2000) (unpublished); *Brooks v. Comm'r*, No. CIV. 98-6329-JO, 1999 WL 552663, at *1, *5 (D. Ore. July 26, 1999) (unpublished); *McGuire v. Apfel*, No. CIV. 98-1302-ST, 1999 WL 426035, at *1, *15-*16 (D. Ore. May 11, 1999) (unpublished). In all of these cases, the district court remanded the Commissioner's decision because the ALJ did not include in a hypothetical to a vocational expert a previous finding that the claimant "often" suffered from problems with concentration. But the ALJs in *Herriman* and *Brooks* appear to have made no attempt to incorporate concentration difficulties in their instructions to the vocational expert. These cases are therefore inapposite. *McGuire* held that an instruction that the plaintiff could perform only simple tasks did not adequately address the ALJ's prior finding that concentration problems might preclude timely completion of work. *See McGuire*, 1999 WL 426035, at *15-16. Here, the ALJ's restriction against jobs with quotas adequately addresses that timeliness issue.

**AFFIRMED**.