John R. ELLISON, deceased; Judith
Basta, Plaintiffs–Appellants,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.

No. 03–3749.

United States Court of Appeals,
Sixth Circuit.

June 17, 2004.

David E. Friedes, David E. Friedes & Associates, Toledo, OH, for Plaintiffs–Appellants.

Lawrence J. Kiroff, U.S. Attorney's Office, Toledo, OH, Catherine A. Seagle, Social Security Administration, Office of the General Counsel, Chicago, IL, for Defendant–Appellee.

Before SILER, COLE, and ROGERS, Circuit Judges.

---

### ORDER

Judith Basta appeals a district court judgment that affirmed the Commissioner's decision to terminate the Social Security disability benefits of her late husband, John R. Ellison. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Ellison's prior award of disability benefits involved alcoholism. The Commissioner notified him that his benefits would cease on January 1, 1997, as they are no longer authorized for alcoholism or substance abuse. Ellison contested the termination of benefits, and an Administrative Law Judge ("ALJ") found that he still had severe impairments including degenerative disc disease, alcoholic neuropathy, and dysthymia. However, the ALJ found that Ellison was no longer disabled because he could perform a significant range of light work. This determination fell within the framework of the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Sbpt. P, App. 2, Rule 202.10. The ALJ issued his opinion on December 16, 1998, and it became the final decision of the Commissioner in 2000, when the Appeals Council declined further review. The district court affirmed that decision on March 31, 2003.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.1993).

■ The appellant first argues that the ALJ applied the grids mechanically when he found that Ellison was "closely approaching advanced age" (age 50 to 54), as Ellison was less than four months from his fifty-fifth birthday when the ALJ issued his decision. Thus, she argues that the ALJ should have analyzed the issue of whether Ellison could be considered an individual of "advanced age" (age 55 and over). If Ellison were found to be in that category, then he would have been entitled to disability benefits under 20 C.F.R. Part 404, Sbpt. P, App. 2, Rule 202.04.

This argument is unpersuasive because the ALJ was not required to place Ellison in an age category that did not include his actual age, even though he has the discretion to do so in borderline cases. *See Crady v. Sec'y of Health & Human Servs.,* 835 F.2d 617, 622 (6th Cir.1987). Moreover, the termination of benefits was not based directly on the grids. Instead, reference to the grids merely provided a framework for evaluating the medical and vocational evidence, including the testimony of a vocational expert. Finally, we note that Ellison was only fifty-two when his prior award of benefits was terminated on January 1, 1997, and it cannot reasonably be argued that he was of advanced age at that time. Moreover, Ellison was subsequently granted benefits for a period of disability that began on December 19, 1998, only three days after the ALJ issued his decision in the case at hand. Thus, he has not suffered any continuing prejudice from the ALJ's decision.

Since Ellison did not have any relevant past work, the burden shifted to the Commissioner to show that a significant number of jobs were available to him. *See Harmon v. Apfel,* 168 F.3d 289, 291 (6th Cir.1999). The Commissioner could not satisfy this burden by relying directly on the grids, as Ellison's ability to perform a full range of light and sedentary work was limited by his impairments. *See Born v. Sec'y of Health & Human Servs.,* 923 F.2d 1168, 1174 (6th Cir.1990).

Thus, the ALJ posed a series of hypothetical questions to a vocational expert that described a claimant who was fifty-four years of age, with a GED, and no relevant work experience. The hypothetical claimant could not perform complicated work and he would have to avoid work that would require frequent climbing or balancing. Thus, the claimant would be limited to one-step or two-step jobs that could be learned in a relatively short period of time. In response, the vocational expert specifically identified approximately 3,850 unskilled light jobs that the hypothetical claimant could perform in the regional economy. She also indicated that the claimant would be able to perform almost any light, unskilled job that did not require frequent climbing and balancing.

■ The appellant now argues that this testimony was not always consistent with the Dictionary of Occupational Titles ("DOT") and that the vocational expert was not credible because she would not explain how it related to the DOT. However, a vocational expert may rely on sources other than the DOT, including her own past experience, in evaluating a hypothetical claimant's vocational potential. *See Barker v. Shalala,* 40 F.3d 789, 795 (6th Cir.1994).

■ The appellant also argues that the ALJ improperly based a Psychiatric Review Technique Form on his own assessment of Ellison's condition, rather than on the medical evidence in the record. This argument lacks merit because the ALJ's assessment is generally consistent with Dr Tiziani's evaluation of Ellison's ability to perform the mental and emotional requirements of simple unskilled work. *See Smith v. Halter,* 307 F.3d 377, 379 (6th Cir.2001).

■ The appellant argues that the ALJ failed to make adequate findings when he discounted Ellison's allegations of disabling pain and depression. In particular, she asserts that the ALJ should have made specific findings regarding the side effects and the effectiveness of Ellison's medications. However, the ALJ specifically noted that Ellison was taking prescribed medications for pain and he properly considered whether Ellison's allegations were fully supported by the medical record.

See *Walters,* 127 F.3d at 531. The ALJ also found that Ellison's allegations of disabling symptomatology were contradicted by his day-to-day activities. *See id.* at 532. Thus, the ALJ made an adequate evaluation of the record before he discounted Ellison's credibility.

■ Finally, the appellant argues that the district court should have supplemented the record with a copy of the entire administrative record from his prior disability case, which had resulted in an award of benefits in 1970. This argument fails because a new medical determination is appropriate for individuals who were previously found to be disabled because of alcoholism. *See Hamblin v. Apfel,* 7 Fed. Appx. 449, 450–51 (6th Cir.2001) (unpublished).

The assumptions in the ALJ's hypothetical questions were adequately supported by the medical record, including the reports of Drs. Holmes and Tiziani. *See Hardaway v. Sec'y of Health and Human Servs.,* 823 F.2d 922, 927–28 (6th Cir.1987). In response, the vocational expert identified at least 3,850 jobs that Ellison could perform in the region where he lived. This response satisfied the Commissioner's burden of showing that a significant number of jobs were available to him. *See Harmon,* 168 F.3d at 291–92. Thus, there was substantial evidence to support the Commissioner's ultimate determination that Ellison was not disabled after January 1, 1997.

Accordingly, the district court's judgment is affirmed.