**Lewis P. CROSS, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**No. 1:04 CV 1067.**

United States District Court, N.D. Ohio, Eastern Division.

June 14, 2005.

Paulette F. Balin, Mentor, OH, Dianne R. Newman, Sternberg, Newman & Shifrin, Akron, OH, for Plaintiff.

Kathleen L. Midian, Office of the U.S. Attorney, Cleveland, OH, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

BAUGHMAN, United States Magistrate Judge.

#### Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Lewis P. Cross, for disability insurance benefits. The parties have consented to the jurisdiction of the Magistrate Judge.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Cross had severe impairments consisting of chronic obstructive pulmonary disease, hepatitis C by history, malaria by history, and a disorder of the back and left arm/shoulder.[1] The ALJ made the following finding regarding Cross's residual functional capacity:

> The claimant has the residual functional capacity for light work, i.e. lift, carry, push and/or pull ten pounds frequently and twenty pounds occasionally; sit, stand, and/or walk for six hours of an eight hour workday with normal breaks and the following nonexertional limitations: no frequent stooping or crouching; ocasional [sic] overhead reaching with the left upper extremity, no repetitive pushing or pulling with the left upper extremity; no high concentration of dust, fumes, and gases and no ladders, ropes or scaffolds.[2]

---

1. Transcript ("Tr.") at 20.

2. *Id.* at 21.

The ALJ determined that the above-quoted residual functional capacity precluded Cross from performing his past relevant work.[3]

Based on a hypothetical question posed to a vocational expert at the hearing incorporating the above-quoted residual functional capacity, the ALJ decided that a significant number of jobs existed locally and nationally that Cross could perform.[4] He, therefore, found Cross not under a disability.[5]

Cross asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, he complains that the ALJ did not give sufficient weight to the opinion of his treating physician and that the residual functional capacity finding should have included additional limitations. Further, Cross argues that the ALJ failed to properly articulate the reasons for finding his allegations regarding his limitations not fully credible. In addition, Cross has moved for a remand under the sixth sentence of 42 U.S.C. § 405(g) based on new evidence not previously presented to the ALJ.

The Court concludes that substantial evidence supports the ALJ's residual functional capacity finding. In so concluding, the Court determines that the ALJ gave appropriate weight to the opinion of Cross's treating physician and that the reasons given for discounting Cross's credibility are sufficient, although the ALJ's articulation on these two points is only minimally acceptable and leaves much to be desired. Finally, the Court concludes that the evidence submitted subsequent to the hearing before the ALJ was not material to the application under review, nor

did good cause exist for Cross's failure to bring forward the evidence at an earlier time. The Commissioner's decision to deny disability insurance benefits, therefore, must be affirmed, and the motion to remand must be denied.

## Analysis

### 1. Standard of review

■ The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review that this Court must apply in reviewing the decision of the ALJ:

Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[6]

The Court must review the findings of the ALJ here consistent with that deferential standard.

**3.** *Id.*

**4.** *Id.*

**5.** *Id.*

**6.** *Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir.2001) (citations omitted).

## 2. Issues presented for decision and the requirement of articulation

■ Cross challenges the ALJ's decision denying his application on the grounds that the ALJ failed to give proper weight to the opinion of his treating physician and that the ALJ improperly discounted his allegations regarding the extent of his limitations. As will be more fully discussed below, when an ALJ does not give controlling weight to the opinion of a treating physician as to the claimant's work-related limitations, he must properly articulate the reasons for doing so. Similarly, when discounting a claimant's allegations as to his limitations, the ALJ must articulate the reasons supporting that discount.

In an overwhelming majority of the cases challenging the Commissioner's disability decisions, claimants take issue with the determinations of the weight given to treating physicians' opinions and of the credibility of claimant allegations. The quality of articulation on these issues provided by ALJs varies, but, across the board, those articulations leave much to be desired.

After careful review of the administrative record, the Court must reluctantly conclude that the ALJ here provided enough articulation to sustain his findings. In the hope that ALJs will be receptive to judicial suggestions for the improvement of articulation in their decisions, and the belief that better articulation will aid the courts in their review of disability decisions, this opinion will attempt to provide some guidance for better articulation and illustrate that guidance in the context of the record here.

## 3. Substantial evidence supports the decision of the ALJ not to give Cross's treating physician's opinion controlling weight.

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[7]

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[8]

■ The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[9] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[10]

■ The regulation does cover treating source opinions as to a claimant's exertional limitations and work-related capacity in light of those limitations.[11] Although the treating source's report need not contain all the supporting evidence to warrant

---

7. 20 C.F.R. § 404.1527(d)(2).

8. *Id.*

9. *Schuler v. Comm'r of Soc. Sec.*, 109 Fed. Appx. 97, 101 (6th Cir.2004).

10. *Id.*

11. *Swain v. Comm'r of Soc. Sec.*, 297 F.Supp.2d 986, 991 (N.D.Ohio 2003), citing *Green–Younger v. Barnhart*, 335 F.3d 99, 106–07 (2nd Cir.2003).

the assignment of controlling weight to it,[12] nevertheless, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive such weight.[13] In deciding if such supporting evidence exists, the Court will review the administrative record as a whole and may rely on evidence not cited by the ALJ.[14]

In *Wilson v. Commissioner of Social Security*,[15] the Sixth Circuit discussed the treating source rule in the regulations with particular emphasis on the requirement that the agency "give good reasons" for not affording controlling weight to a treating physician's opinion in the context of a disability determination.[16] The court noted that the regulation expressly contains a "good reasons" requirement.[17] The court stated that to meet this obligation to give good reasons for discounting a treating source's opinion, the ALJ must do the following:

● State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

● Identify evidence supporting such finding.

● Explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion.[18]

The court went on to hold that the failure to articulate good reasons for discounting the treating source's opinion is not harmless error.[19] It drew a distinction between a regulation that bestows procedural benefits upon a party and one promulgated for the orderly transaction of the agency's business.[20] The former confers a substantial, procedural right on the party invoking it that cannot be set aside for harmless error.[21] It concluded that the requirement in § 1527(d)(2) for articulation of good reasons for not giving controlling weight to a treating physician's opinion created a substantial right exempt from the harmless error rule.[22]

The opinion in *Wilson* sets up a three-part requirement for articulation against which an ALJ's opinion failing to assign controlling weight to a treating physician's opinion must be measured. First, the ALJ must find that the treating source's opinion is not being given controlling weight and state the reason(s) therefor in terms of the regulation—the absence of support by medically acceptable clinical and laboratory techniques and/or inconsistency with other evidence in the case record.[23] Second, the ALJ must "identify for the record evidence supporting that finding."[24] Third, the ALJ must determine what weight, if any, to give the treating source's opinion in light of the factors listed in 20 C.F.R. § 404.1527(d)(2).[25]

**12.** *Garner v. Heckler,* 745 F.2d 383, 391 (6th Cir.1984).

**13.** *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 536 (6th Cir.2001).

**14.** *Id.* at 535.

**15.** *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541 (6th Cir.2004).

**16.** *Id.* at 544.

**17.** *Id.,* citing and quoting 20 C.F.R. § 404.1527(d)(2).

**18.** *Id.* at 546.

**19.** *Id.*

**20.** *Id.*

**21.** *Id.*

**22.** *Id.*

**23.** *Wilson,* 378 F.3d at 546.

**24.** *Id.*

**25.** *Id.*

Given the significant implications of a failure to properly articulate (*i.e.*, remand) mandated by the *Wilson* decision, an ALJ should structure the decision to remove any doubt as to the weight given the treating source's opinion and the reasons for assigning such weight. In a single paragraph the ALJ should state what weight he or she assigns to the treating source's opinion and then discuss the evidence of record supporting that assignment. Where the treating source's opinion does not receive controlling weight, the decision must justify the assignment given in light of the factors set out in § 1527(d)(1)-(6).

■ By the standards just explained, the ALJ's articulation of the treating source's opinion here leaves much to be desired. The opinion does not contain a succinct and clear statement of good reasons for not assigning controlling weight to the treating source's opinion. Nevertheless, viewing the opinion as a whole, it contains enough discussion and analysis of the treating source's opinion to minimally satisfy the requirements established in *Wilson*.

The ALJ does state that he assigned "little probative weight" to the opinion of Cross's treating source, Jerome Yokiel, M.D.[26] Dr. Yokiel had provided a residual functional capacity assessment that limited Cross to basically sedentary work.[27] The ALJ's stated reasons for discounting Dr. Yokiel's opinion were that it was not consistent with his treatment records and was based largely on Cross's subjective complaints.[28]

Although this statement of reasons alone would not be sufficient under *Wilson*, the ALJ did elsewhere in his opinion extensively discuss Dr. Yokiel's treatment notes and his findings.[29] As noted in the ALJ's decision, these notes included reports that Cross had unremarkable neurological examinations and reported relief from pain medications, to which he had no side effects.[30] Although MRI testing disclosed degenerative disc disease at L4-5,[31] and a discogram reproduced symptoms at L5-S1,[32] Dr. Yokiel's diagnosis consistently remained lumbar strain.[33] Support exists in the record, therefore, for the ALJ's reasons for discounting Dr. Yokiel's opinion of severe work-related limitations.

Finally, although the ALJ did not do a formal analysis of Dr. Yokiel's opinion under § 404.1527(d), his extensive discussion of Cross's treating history with that physician supports, under the substantial evidence standard of review, the finding that Dr. Yokiel's residual functional capacity assessment should receive "little probative weight" on the grounds of supportability and consistency, two critical factors in the regulatory regimen for evaluating medical opinions.[34] Although by no means a work of art in terms of meeting the articulation standards set out by the Sixth Circuit in *Wilson*, the ALJ's decision here minimally satisfies those standards.

26. Tr. at 18.

27. *Id.* at 244–48.

28. *Id.* at 18.

29. *Id.* at 15–16, 17.

30. *Id.*

31. *Id.* at 15.

32. *Id.* at 16.

33. *Compare* Tr. at 136 (July 26, 2001) *with* Tr. at 197 (July 23, 2003).

34. 20 C.F.R. § 404.1527(d)(3) and (4).

### 4. Substantial evidence supports the decision of the ALJ to find Cross's allegations of his limitations less than fully credible.

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[35]

The Social Security Administration has recognized by policy interpretation ruling and regulation that, even in the absence of such objective medical evidence, a claimant may experience pain severe enough to impose limitations on the capacity for work.[36] In such cases, the ALJ must evaluate the credibility of the claimant's allegations of pain and pain-induced limitations.[37]

■ The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess his subjective complaints.[38] A court may not disturb the ALJ's credibility determination absent compelling reason.[39]

■ The regulations set forth factors that the ALJ should consider in assessing credibility. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[40] If the ALJ rejects the claimant's

complaints as incredible, he must clearly state his reasons for doing so.[41]

■ As a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[42] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his claim.

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents credible evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence. The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad.

Unlike the requirement that the ALJ state good cause for discounting the opinion of a treating source, the regulation on evaluating a claimant's subjective complaints contains no express articulation requirement. The obligation that the ALJ state reasons for rejecting a claimant's

---

**35.** *Swain*, 297 F.Supp.2d at 988–89.

**36.** *Id.* at 989, quoting Soc. Sec. Ruling (SSR) 96–7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed.Reg. 34483, 34484 (July 2, 1996), and 20 C.F.R. § 416.929(c)(2).

**37.** *Id.*

**38.** *Buxton*, 246 F.3d at 773.

**39.** *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir.2001).

**40.** 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

**41.** *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir.1994).

**42.** 20 C.F.R. § 404.1529(c)(3).

complaints as less than credible appears to have its origin in case law.[43] The Social Security Administration has recognized the need for articulation of reasons for discounting a claimant's credibility in a policy interpretation ruling.

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.[44]

Because the Court concludes that the ALJ's articulation on credibility here is adequate, it need not consider whether this articulation requirement can be excused for harmless error.

Regardless of whether harmless error can excuse inadequate articulation of credibility decisions, the strong statement from the administrative ruling quoted above constitutes a clear directive to pay as much attention to giving reasons for discounting claimant credibility as must be given to reasons for not fully accepting the opinions of treating sources. An ALJ in a unified statement should express whether he or she accepts the claimant's allegations as credible and, if not, explain the finding in terms of the factors set forth in the regulation.[45] The ALJ need not analyze all seven factors identified in the regulation but should provide enough assessment to assure a reviewing court that he or she considered all relevant evidence.[46] The articulation should not be conclusory;[47] it should be specific enough to permit the court to trace the path of the ALJ's reasoning.[48]

■ The ALJ in this case did provide a unified statement of reasons for discounting credibility that included analysis of daily activities, references to negative findings in the objective medical evidence, and evidence of noncompliance with treatment plans.[49] Elsewhere he made reference to Cross's prescription medications and noted side effects or the lack thereof.[50] Further, he acknowledged physician reports of precipitating and aggravating factors as disclosed by examinations.[51] Although the Court cannot say that the articulation here represents a model that future disability decisions should emulate, it is sufficient to satisfy the Court that the ALJ did consider the relevant evidence and that a reasonable mind might accept that evidence as adequate to support the ALJ's credibility finding.[52] There exists, therefore, no compelling reason for the Court to disturb that finding.[53]

**43.** *Felisky,* 35 F.3d at 1036; *Auer v. Sec. of Health & Human Servs.,* 830 F.2d 594, 595 (6th Cir.1987).

**44.** SSR 96–7p, 61 Fed.Reg. at 34484.

**45.** 20 C.F.R. § 404.1529(c)(3).

**46.** *Blom v. Barnhart,* 363 F.Supp.2d 1041, 1054 (E.D.Wis.2005).

**47.** SSR 96–7p, 61 Fed.Reg. at 34384.

**48.** *Blom,* 363 F.Supp.2d at 1054.

**49.** Tr. at 18.

**50.** *Id.* at 16, 17, and 18.

**51.** *Id.*

**52.** *Buxton,* 246 F.3d at 772.

**53.** *Smith,* 307 F.3d at 379.

### 5. Dr. Seitz's opinion does not constitute new or material evidence justifying a remand.

Cross requests remand of his case under sentence six of 42 U.S.C. § 405(g) for the ALJ to consider new evidence from his treating orthopedic surgeon, William Seitz, M.D.

Such new evidence may be considered only to determine whether it merits a remand.[54] "Sentence six" of 42 U.S.C. § 405(g) permits a reviewing court to remand, **without ruling on the merits,** if new and material evidence is submitted, and the claimant shows good cause for failing to introduce this evidence during the prior proceedings.[55]

 Additional evidence is considered "new" if that evidence was "not in existence or available to the claimant at the time of the administrative proceeding." [56] To meet the "good cause" requirement, a claimant must give a valid reason for failing to obtain the evidence prior to the ALJ's decision.[57] "Materiality" is defined as a reasonable probability that the ALJ would have rendered a different decision if the evidence had been available for consideration.[58] The claimant bears the burden of showing that a sentence six remand is proper.[59] All three criteria must be met in order to satisfy a sentence six remand.[60]

 Cross claims that he satisfied "good cause" because he "earnestly attempted to obtain input" from Dr. Seitz prior to the issuance of the ALJ's decision but was unsuccessful.[61] However, this statement does not show "good cause" for failing to present such evidence to the ALJ. In order to establish "good cause" within the meaning of 42 U.S.C. § 405(g), a claimant must give a valid reason for his failure to obtain evidence prior to the date of the hearing.[62] Cross has not provided any adequate reason as to why this opinion could not have been obtained during the relevant time period. Moreover, at the hearing, Cross's counsel did not advise the ALJ that he was attempting to obtain opinions from Dr. Seitz, nor did he request that the record remain open for a brief period to recontact Dr. Seitz to request opinions regarding Cross's limitations. Given his failure to obtain Dr. Seitz's opinions during the relevant time period, Cross's motion for remand must fail.

 Even assuming arguendo that Cross had "good cause" for his failure to obtain Dr. Seitz's opinions during the relevant time period, remand is still not appropriate because the physician's disability conclusions are not "material." To satisfy his burden of proof regarding materiality, Cross must demonstrate that there was a "reasonable probability" that the ALJ would have reached a contrary disposition had he considered the evidence.[63] To this

---

**54.** *See Cline v. Comm'r of Soc. Sec.,* 96 F.3d 146, 148 (6th Cir.1996).

**55.** 42 U.S.C. § 405(g) (sentence six); *see also Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir.1989); *Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d 709, 711 (6th Cir.1988).

**56.** *Sullivan v. Finkelstein,* 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990).

**57.** *Cline,* 96 F.3d at 149.

**58.** *Young v. Sec'y of Health & Human Servs.,* 925 F.2d 146, 149 (6th Cir.1990).

**59.** *Willis v. Sec'y of Health & Human Servs.,* 727 F.2d 551, 553–54 (6th Cir.1984).

**60.** 42 U.S.C. § 405(g); *Cotton v. Sullivan,* 2 F.3d 692, 696 (6th Cir.1993).

**61.** ECF # 21 at 1.

**62.** *Oliver v. Sec'y of Health & Human Servs.,* 804 F.2d 964, 966 (6th Cir.1986).

**63.** *Sizemore,* 865 F.2d at 711.

end, the opinions proffered would not have reasonably led the ALJ to reach a different conclusion.

Dr. Seitz's September 2003 medical source statement indicated that Cross's limitations began in February 2000 and that, as a result, Cross was unable to perform any level of work.[64] This statement was inconsistent with Dr. Seitz's own treatment notes. Notably, a May 8, 2003, treatment note from Dr. Seitz indicated that Cross reported that his symptoms were not bad enough to warrant any intervention.[65] Cross denied any progressive soreness or sense of burning.[66] In addition, May 2003 x-rays suggested only early, moderate osteoarthritic changes at the shoulder joint and, although the physician noted Cross could require reconstructive surgery in the future, he ultimately concluded that surgery was not warranted at that time.[67] Dr. Seitz's treatment recommendation in May 2003 remained rather conservative as the physician instructed Cross to continue with a pain management program and advised him to return for followup in six months unless he had any problems.[68] Given the May, 2003 treatment note, Dr. Seitz's source statement from September, 2003 subscribing severe limitations dating back to February of 2000 would not have led the ALJ to reach a different decision.

### Conclusion

Substantial evidence supports the finding of the Commissioner that Cross had no disability. Accordingly, the decision of the Commissioner denying Cross disability insurance benefits is affirmed. Further, Cross's motion for a remand under sentence six of 42 U.S.C. § 405(g) for consideration of Dr. Seitz's September, 2003 opinion is hereby denied.

IT IS SO ORDERED.

---

64. Tr. at 265.

65. *Id.* at 202.

66. *Id.*

67. *Id.* at 202–03.

