**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REYNALDO ISRAEL, | No. 11-35794 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05507-RBL |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted August 28, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and FRIEDMAN, Senior
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Paul L. Friedman, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

Appellant Reynaldo Israel, Jr., challenges the district court's judgment upholding the Commissioner of Social Security's denial of his application for social security disability benefits.

Israel suggests three theories to reverse the Administrative Law Judge's (ALJ) decision:  1) that the ALJ improperly rejected views of examining psychologists while crediting views of non-examining doctors when assessing disability; 2) that the ALJ erred because he did not adequately include his own step-3 finding that Israel has moderate difficulties in concentration, persistence, or pace in his residual functional capacity (RFC) finding and vocational hypothetical at steps 4 and 5; and 3) that the ALJ committed reversible error by not individually weighing and commenting on each limitation checked by Dr. Harrison in Section I of her  Mental Residual Function Capacity Assessment.

We address first the ALJ's rejection of opinions of examining psychologists Drs. John McRae, Ph.D., and Mary Mangione-Lambie, Ph.D., in favor of the views expressed by non-examining physicians Drs. Leslie Postovoit, Ph.D., and Kristine Harrison, Psy.D.  The controlling principle is that although an examining physician's opinion is given more weight, those of non-examining physicians "may serve as substantial evidence" to reject an examining physician's opinion "when

2

they are supported by other evidence in the record and are consistent with it."

*Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

Crediting the opinions of non-examining physicians, the ALJ here gave "'specific, legitimate reasons for doing so that [were] based on substantial evidence in the record.'" *Id*. (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995). As one example, Dr. McRae evaluated Israel in 2005, years before the period for which Israel requests benefits, and found Israel had significant psychological problems but noted that these problems were likely to improve with medication. Consistent with that expectation, "[Israel's] symptoms improved with psychotropic medication." Because of this improvement, the ALJ did not assign substantial weight to Dr. McRae's evaluation.

As for the other examining physician, Dr. Mangione-Lambie concluded that Israel had functional limitations in several factors and diagnosed him with multiple disorders. But she also gave Israel a mental status examination, on which he performed well. Dr. Postovit explained that this performance was inconsistent with Dr. Mangione-Lambie's assessment because it did not exhibit the "poor performance that would be expected if [Israel] had the levels of paranoia and agoraphobia that he alleges." The ALJ permissibly rejected Dr. Mangione-Lambie's opinion because of this conflict. *See Batson v. Comm'r of the Social Sec.*

3

*Admin.*, 359 F. 3d 1190, 1195 (9th Cir. 2004) (upholding ALJ's discounting of treating physician's views when, "contradicted by other statements and assessments of Batson's medical condition . . . .").

Second, Israel claims the ALJ erred because he did not adequately include his own step-3 finding that Israel has "moderate difficulties" in "concentration, persistence, or pace" in his residual functional capacity (RFC) finding and vocational hypothetical at steps 4 and 5.   *See* 20 C.F.R. §§ 404.1520 and 416.920. The limitations identified in step 3, however, are "*not* an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 . . . ." SSR 96-8p, 1996 WL 374184, *4 (July 2, 1996).  The ALJ must consider the step-3 limitations along with "*all* of the relevant evidence in the case record," *id*. at *5, when forming the RFC.

Israel's objection is similar to the one rejected in  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008).  There the ALJ translated moderate limitations in Stubbs-Danielson's "ability to perform at a consistent pace," *id*. at 1173, into the concrete restriction that Stubbs-Danielson be limited to "simple tasks." *Id*. at 1174.  Stubbs-Danielson argued this was inconsistent with the earlier limitation on pace, but the court held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where

4

the assessment is consistent with restrictions identified in the medical testimony." *Id.* (citing *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir.2001); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir.2001)).

Here the ALJ drew on restrictions identified in the medical testimony of Dr. Harrison when making the RFC.  Dr. Harrison "opined that the claimant could understand, remember, and complete simple and some familiar complex tasks," but she "did not think [Israel] could perform complex tasks on a consistent basis." The ALJ, like the one in *Stubbs-Danielson*, adopted this concrete restriction and adequately took into account his step-3 finding of Israel's moderate difficulties in concentration, persistence, or pace.  Because the ALJ appeared to rely on medical testimony of Dr. Harrison, and it was not shown that the ALJ failed to consider all of the evidence in the record, we reject the contention that the ALJ disregarded his step-3 findings about moderate limitations.

Third, Israel claims the ALJ erred by relying on Dr. Harrison's narrative assessment in her Section III, Functional Capacity Assessment, of Israel's Mental Residual Function Capacity Assessment (MRFCA) and not individually weighing the limitations she identified in each checked box of her Section I, Summary Conclusions.  Again, the ALJ must consider all of the evidence, but need not comment specifically on each element of each piece of evidence.

5

Israel cites authority requiring the ALJ to consider and explain the weight given to the opinion evidence provided by Dr. Harrison. *See e.g.*, SSR 96-8p (1)-(2), 1996 WL 374180, *1 (July 2, 1996); SSR 96-5P, 1996 WL 374183, *6 (July 2, 1996). But he cites none that requires the ALJ to separately weigh and consider each checked box in Section I of the MRFCA. Israel argues without support that references to "opinions" in these Social Security Rules refer not to a doctor's assessment as a whole but to each identifiable element of the MRFCA, which would require ALJs to interpret a psychologist's checked box rather than rely on that psychologist's considered medical assessment.[1]

Based on this understanding of "opinion," which we think is strained, Israel next contends that if each of the boxes Dr. Harrison checked is individually credited as "true," then "Israel is disabled based on the [Vocational Expert's (VE)] testimony that given such restrictions, employment is precluded." In this

---

[1] According to the Program Operations Manual System (POMS), an internal SSA document, Section I is "**merely a worksheet** . . . and **does not constitute the RFC assessment**." DI 24510.060.B.2.a (Oct. 14, 2010), http://policy.ssa.gov/poms.nsf/lnx/0424510060 (emphasis in original). Instead, "**[i]t is the narrative** written by the psychiatrist or psychologist **in section III** . . . **that adjudicators are to use as the assessment of RFC**." POMS DI 25020.010.B.1, (Sept. 14, 2012), http://policy.ssa.gov/poms.nsf/lnx/0425020010 (emphasis in original). "The POMS does not have the force of law, but it is persuasive authority." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006)).

6

testimony, however, the VE responded not to Dr. Harrison's checked boxes but to Israel's interpretation of those boxes, that anyone identified with those limitations would be "truly off task where you cannot be doing the task" for ten percent of the time. A person who is "truly off task" for ten percent of the work day might well be unemployable, but Dr. Harrison's opinion was that Israel could "understand, remember, and complete simple and some familiar complex tasks through a normal week." Under *Stubbs-Danielson*, this "adequately captures" the limitations "related to concentration, persistence, or pace" she identified in Section I. 539 F.3d at 1174. In any event, Dr. Harrison's views relied upon by the ALJ are substantial evidence in support of his decision. Israel's interpretation of Dr. Harrison's worksheet is not controlling.

**AFFIRMED**.