NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name:  14a0024n.06

No. 13-1666

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Jan 15, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ROTESHIA THOMAS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:  SUHRHEINRICH, GRIFFIN, and KETHLEDGE, Circuit Judges.

PER CURIAM.   Roteshia Thomas appeals the district court's judgment affirming the denial of her applications for disability insurance benefits and supplemental security income benefits.

Thomas filed applications for disability insurance benefits and supplemental security income benefits, alleging that she became disabled on July 1, 2007.  After the Social Security Administration denied the applications, Thomas requested a hearing before an administrative law judge (ALJ).  The ALJ determined that Thomas was not disabled.  The Appeals Council declined to review the case, and the district court affirmed the ALJ's decision.

On appeal, Thomas raises the following arguments:  (1) the ALJ failed to properly incorporate the medical opinion of a consulting psychologist into his hypothetical questions to the vocational expert; (2) the ALJ erred by proceeding with the hearing despite Thomas's lack of

representation; (3) the ALJ failed to fully and fairly develop the record; and (4) the ALJ erred by failing to inform Thomas that she had the right to cross-examine the vocational expert.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Thomas first argues that, when questioning the vocational expert, the ALJ failed to properly incorporate the opinion of Dr. Nathalie Menendes, a consulting psychologist, that Thomas should be limited to tasks involving one-step instructions. "A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments." *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001).

The ALJ's hypothetical question restricting Thomas to simple and routine repetitive tasks accurately reflected Thomas's work-related limitations that were supported by the record. Dr. Menendes concluded that Thomas could understand and follow one-step instructions and that she may have difficulty performing complex or multi-step tasks, not that she was necessarily limited to tasks involving one-step instructions. Further, it was reasonable for the ALJ to conclude that, based on the evidence as a whole, restricting Thomas to one-step instructions was unwarranted.

Thomas next argues that the ALJ erred by proceeding with her hearing despite her lack of representation, by failing to fully and fairly develop the record, and by failing to inform her that she had the right to cross-examine the vocational expert. When a disability claimant appears without counsel, the ALJ has a special duty to fully develop the record. *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983).

The ALJ did not err by proceeding with the hearing, given that Thomas was notified on numerous occasions of her right to representation and that the ALJ had previously continued the

hearing for several months to give Thomas the opportunity to obtain representation. In addition, the ALJ properly developed the record by questioning Thomas about her background, medical issues, and activities and by consulting with the vocational expert concerning Thomas's work capacity. Finally, the ALJ did not reversibly err by failing to explicitly invite Thomas to cross-examine the vocational expert. Thomas had been notified in writing that she could speak to the expert, the ALJ gave her the opportunity to speak after the expert testified, and Thomas has not identified any significant inaccuracy in the expert's testimony or any significant testimony that she could have elicited.

Accordingly, we affirm the district court's judgment.