NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0553n.06

Case No. 13-4186

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 24, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| PATRICIA ANN SALYER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: COLE, COOK, and WHITE, Circuit Judges.

PER CURIAM. Patricia Salyer appeals the district court's judgment affirming the denial of her application for disability-insurance benefits. We agree with the district court and AFFIRM.

In her application, Salyer alleged that she became disabled in 2007 from bipolar disorder, general anxiety, depression, post-traumatic stress, back pain, severe anger outbursts, fibromyalgia, and drug abuse in remission. After the Social Security Administration rejected her application, Salyer requested a hearing before an administrative law judge (ALJ). The ALJ denied relief, and the Appeals Council declined review. Over Salyer's objections, the district court adopted a magistrate judge's recommendation to affirm the denial of benefits. She appeals.

Salyer contends that (1) the ALJ ignored various portions of vocational-expert (VE) testimony, including testimony that "it would be difficult" for Salyer to perform any substantially

gainful employment should the ALJ find that Salyer cannot perform certain tasks, and (2) the district court erred in not considering a psychiatric report she submitted with her objections to the magistrate judge's recommendation. Our review of the ALJ's decision "is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

Regarding the first contention, though the VE testified that Salyer's job prospects would diminish if certain hypothetical conditions applied, that testimony lacks relevance because in fact the ALJ found that none of those conditions applied. Instead, the ALJ determined—and Salyer offers no dispute—that Salyer could perform a limited range of light and sedentary work. And the VE testified that under those conditions, Salyer could perform several types of jobs that exist in significant numbers in the national economy. (R. 13-2, Hr'g Tr. at 46−47.) The VE's testimony lends substantial support to the ALJ's decision to deny benefits. *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.").

Regarding Salyer's second contention—the district court's alleged mistake in not considering the psychiatric report—the court correctly limited its review to the administrative record presented to the ALJ. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

To the extent Salyer argues that the psychiatric report constituted "new evidence" under 42 U.S.C. § 405(g) such that the district court could have remanded to the agency for further consideration, that statute requires that "there [be] new evidence *which is material*" (emphasis added). Though the new report noted Salyer's general "mood symptoms and problems with

attention interfering with classroom and online activities . . . [and] interpersonal interactions" (Appellant's Br. at 11−12), Salyer fails to explain how these notations conflict with the ALJ's finding that Salyer could "perform detailed but not complex tasks with only occasional and intermittent interactions with others." (R. 13-2, ALJ Decision at 6.) Because we cannot say with "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new [doctor's report]," *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 484 (6th Cir. 2006), Salyer's effort to have it considered falls outside § 405(g)'s exception.

We AFFIRM.