NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0067n.06
Filed: November 4, 2004

No. 03-2136

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FRANCES H. KOBETIC,                          )
                                             )
        Plaintiff-Appellant,                 )
                                             )
v.                                           )  ON APPEAL FROM THE UNITED
                                             )  STATES DISTRICT COURT FOR THE
COMMISSIONER of SOCIAL SECURITY,             )  EASTERN DISTRICT OF MICHIGAN
                                             )
        Defendant-Appellee.                  )


Before: MOORE and SUTTON, Circuit Judges; ADAMS, District Judge.[*]

        SUTTON, Circuit Judge. This appeal stems from the denial of Social Security disability

insurance benefits to Frances Kobetic. While the agency failed to evaluate a period during which

she claims disability (because it erroneously thought res judicata barred consideration of that

period), we conclude that the error was harmless and affirm.


                                             I.


        In July 1993, Kobetic was involved in a car accident that injured her neck, shoulder and

lower back. Nearly two years later, in March 1995, she applied for disability insurance benefits

---

        [*] The Honorable John R. Adams, United States District Judge for the Northern District of
Ohio, sitting by designation.

based on those injuries. The Social Security Administration (SSA) denied her application for benefits in a notice dated January 16, 1996. Although the notice informed her that any request for a hearing must be filed within 60 days of receiving the notice, Kobetic did not request a hearing until April 1997, fourteen months later. Concluding that Kobetic had failed to show good cause for the delay, an administrative law judge (ALJ), John Ransom, on December 11, 1997, denied her request for a hearing appealing the decision and noted that the initial determination on the merits remained in effect. The SSA Appeals Council denied Kobetic's request for review of the ALJ's decision.

In December 1998, Kobetic filed a second application for disability insurance benefits, again alleging disability as a result of injuries sustained during the 1993 car accident. After the SSA denied this application in March 1999, Kobetic timely requested and received a hearing before a second ALJ, William Musseman, in March 2000. ALJ Musseman first determined that res judicata barred reconsideration of the period from 1993 until ALJ Ransom's December 1997 decision. Then, based on testimony by Kobetic and by a vocational expert, ALJ Musseman found that Kobetic remained capable of performing a significant number of jobs in the national economy and therefore was not disabled during the remaining period, namely from the day after the denial of her first application (on December 12, 1997) until Kobetic's eligibility expired (on December 31, 1998). Because the SSA Appeals Council denied review, ALJ Musseman's decision stood as a final decision of the Commissioner of Social Security.

Kobetic appealed ALJ Musseman's decision to the United States District Court for the Southern Division of Michigan. Among other things, she argued that because no decision on the

merits governed the period between the original denial of benefits by the SSA and Ransom's decision in 1997, res judicata should not bar review of her disability during this time period. The district court agreed. Yet, after examining the record between January 1996 (when the SSA sent its notice of denial) and December 1997 (when ALJ Ransom upheld the denial) for evidence of disability during this time frame, the district court discovered only evidence of a bruised elbow and leg caused by Kobetic's fall from a van during a missionary trip to Nicaragua. D. Ct. Op. at 8. Finding that this accident presented minimal additional evidence regarding Kobetic's disability application, the district court concluded that the ALJ's inclusion of this unadjudicated period in its res judicata holding was harmless error. After rejecting additional arguments not relevant to this appeal, the district court affirmed the denial of benefits to Kobetic.

II.

Our standard of review in this area is both familiar and limited. Unless the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record, we must affirm the Commissioner's conclusions. 42 U.S.C. § 405(g); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence, the Supreme Court has explained, is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

On appeal, Kobetic does not challenge the merits of the decision against her. Instead, she challenges the second ALJ's application of res judicata and asks us to remand the case for a disability finding concerning the unadjudicated period from January 16, 1996, to December 11, 1997. For the reasons that follow, we cannot agree.

While Kobetic is correct that the second ALJ erred in determining that res judicata precluded any review of the period from January 16, 1996, to December 11, 1997, Kobetic has not shown how the error harmed her. Acknowledging that the ALJ misapplied res judicata principles to this case, the Commissioner points out that disability insurance benefits are a forward-looking remedy that provide only limited retroactive relief. Such benefits, the Commissioner adds, may be awarded only to cover the twelve months immediately preceding the filing of an application. 42 U.S.C. § 423(b); 20 C.F.R. § 404.621(a)(1); *see also Crady v. Sec. of Health & Human Servs.*, 835 F.2d 617, 619–20 (6th Cir. 1987). Because Kobetic filed her second application on December 4, 1998, in other words, she may seek benefits only back to December 4, 1997, meaning that the ALJ's error resulted in a failure to consider just eight potentially eligible days between December 4, 1997, and December 12, 1997.

The record, notably, does not show any evidence of medical treatment or disability-related complaints during this eight-day period. On this basis alone, Kobetic cannot establish that sending the case back to the ALJ would serve any useful purpose and cannot establish that the ALJ's res judicata ruling was anything but harmless error. When "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong

game." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969); *see also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ( "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result.").

Making matters worse for Kobetic's position, the ALJ considered her condition during the entire contested period, even though he concluded that res judicata applied. The record includes several reports covering the time span between January 16, 1996, and December 11, 1998, and the ALJ demonstrated his familiarity with those reports by noting both the February 1997 injuries Kobetic sustained falling from a van while on a missionary trip to Nicaragua and the resulting x-rays. The other reports in the time span address a condition in her elbow and forearm resulting in pain and other sensations and problems with her right leg—all problems the ALJ explicitly addressed in the process of finding Kobetic still able to perform a significant number of jobs in the national economy. Given that the ALJ's legal error affected only an eight-day eligibility window (for which no medical evidence was presented) and given that the ALJ did consider the other medical evidence that theoretically could have applied to this eight-day period, any error in the ALJ's decision was harmless. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (applying harmless-error review of an ALJ's failure to mention a doctor's report when substantial evidence supported his decision).

III.

For these reasons, we affirm.