*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0057p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DEBORAH COLVIN,

*Plaintiff-Appellant,*

*v.*

No. 06-3517

JO ANNE B. BARNHART, Commissioner of Social
Security,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 04-00441—Susan J. Dlott, District Judge.

Argued: January 24, 2007

Decided and Filed: February 8, 2007

Before: BOGGS, Chief Judge; MERRITT and MOORE, Circuit Judges.

---

## COUNSEL

**ARGUED:** Henry D. Acciani, O'CONNOR, ACCIANI & LEVY, Cincinnati, Ohio, for Appellant.
Cynthia A. Freburg, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee.
**ON BRIEF:** Henry D. Acciani, O'CONNOR, ACCIANI & LEVY, Cincinnati, Ohio, for Appellant.
Cynthia A. Freburg, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee.

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellant Deborah Colvin ("Colvin")
filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income
("SSI") which was denied, and she now appeals the district court's decision upholding the denial
of benefits. On appeal, Colvin challenges the decision of the Administrative Law Judge ("ALJ"),
arguing that the ALJ erroneously relied on the vocational expert's ("VE") testimony that Colvin
could perform her past relevant work. Because the Commissioner's decision that Colvin was not
disabled is supported by substantial evidence, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

Colvin applied to the Social Security Administration for DIB and SSI on August 7, 2001,
alleging that she became unable to work on April 30, 2001, due to post-traumatic distress, drug

addiction, chronic iron deficiency, and spurs on her spine.[1]  Administrative Record ("A.R.") at 66-68, 76, 372-74 (App. for DIB, Disability Report, App. for SSI).  At the time that she filed her application she was fifty-two years old.  Colvin's application was denied both initially and upon reconsideration.

Colvin began seeing Dr. Lu, a psychiatrist, on an occasional basis starting in 2001.  Treatment notes reflect diagnoses of a mood disorder, anxiety disorder, psychosis, depression, and cyclothymia.  During their visits, Colvin and Dr. Lu discussed coping with stress, relapse prevention,[2] the role of medication, dealing with weight gain, and coping with the disability benefit application process.  Dr. Lu prescribed, monitored, and adjusted various medications for Colvin.

In January 2003, Dr. Lu completed a "Medical Assessment Of Ability To Do Work-Related Activities (Mental)" form ("medical assessment") on which she rated Colvin's abilities on a four-point scale:  good, fair, poor, or none.  A.R. at 355-56 (Medical Assessment).  "Good" was defined by the form as "[a]bility to function in this area is not limited by mental impairment"; "fair" was defined as "[a]bility to function in this area is limited but satisfactory"; "poor" was defined as "[a]bility to function in this area is seriously limited, but not precluded"; and "none" was defined as "[n]o useful ability to function in this area."  *Id*. at 355.

Dr. Lu indicated that Colvin had "good" ability to "[m]aintain personal appearance," and to "[u]nderstand, remember, and carry out simple job instructions."  *Id*. at 356.  Colvin was rated as "fair" in her ability to do the following:  "[f]ollow work rules"; "[r]elate to co-workers"; "[d]eal with the public"; "[i]nteract with supervisors"; "[m]aintain attention and concentration"; "[p]ersist at a work-like task"; "[u]nderstand, remember and carry out detailed, but not complex job instructions"; "[b]ehave in an emotionally stable manner"; "[r]elate predictably in social situations"; and "[d]emonstrate reliability."  *Id*. at 355-56.  Dr. Lu considered Colvin "poor" in her ability to do the following:   "[u]se judgment"; "[d]eal with work stresses"; "[f]unction independently"; and "[u]nderstand, remember and carry out complex job instructions."  *Id.*

At Colvin's ALJ hearing on May 21, 2003, a VE testified as to Colvin's ability to perform her past relevant work as a cutting machine operator.  A.R. at 467-75 (Hr'g at 24-32).  The ALJ asked the VE to consider someone of Colvin's age, education, and past work experience, with the mental limitations described in the medical assessment.  *Id*. at 467-69.  When posing the hypothetical question, the ALJ read the definitions of good, fair, and poor as stated in the medical assessment.  *Id*. at 468.  In response, the VE testified that the hypothetical person could perform Colvin's past relevant work as a cutting machine operator.  *See id*. at 469.

The VE explained that a "poor" judgment rating would not preclude one from performing this job because it is a "simple routine repetitive job[], [so] there is limited judg[]ment."  *Id*. Further, the VE testified that a "poor" rating in dealing with work stresses would not preclude the hypothetical person from performing as a cutting machine operator where that person was rated "fair" in her ability to maintain attention and concentration and persist at a work-like task.  *Id*. at 470. Finally, the VE testified that because there is "not a lot of independent performance required" in the cutting machine operator job, the "poor" rating for functioning independently would not preclude the hypothetical person from performing the duties of that job.  *Id*. at 471.

---

[1] Colvin's sole challenge in this court is based on her mental impairments; accordingly, the balance of our opinion will discuss only facts relevant to her mental impairments.

[2] Colvin reported using crack cocaine on a regular basis for thirty years, but as of June, 2001 she was diagnosed as being in full sustained remission.  A.R. at 293, 298 (Diagnostic Assessment Form).

The ALJ gave controlling weight to the medical assessment provided by Dr. Lu and also credited the VE's testimony. Because the ALJ agreed with the VE that Colvin was able to perform her past job duties as a cutting machine operator, the ALJ determined that Colvin was not disabled, and thus, she was not entitled to DIB or SSI.[3] A.R. at 18-19 (ALJ Decision at 6-7).

Colvin appealed to the district court, which adopted the Report and Recommendation of the Magistrate Judge finding that the ALJ's decision was supported by substantial evidence. This appeal, over which we have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, followed.

## II. ANALYSIS

### A. Standard of Review

We "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). If the Commissioner's decision is supported by substantial evidence, we must defer to that decision "'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

### B. Legal Framework For Evaluating Disability Claims

DIB and SSI are available only for those who have a "disability." 42 U.S.C. § 423(a), (d). *See also* 20 C.F.R. § 416.920. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (definition used in the DIB context). *See also* 20 C.F.R. § 416.905(a) (same definition used in the SSI context).

The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical for purposes of this case, and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively:

> First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. [*Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir.1990)]. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." *Id.* Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For

---

[3] The ALJ also found that, even if Colvin's job as a cutting machine operator was not past relevant work, she could still perform numerous jobs in the regional and national economies. A.R. at 17 (ALJ Decision at 5). Because Colvin does not dispute that the cutting machine operator job is past relevant work, and because substantial evidence supports the ALJ's finding that she could perform this past relevant work, we do not address Colvin's ability to perform other jobs in the regional and national economies.

the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston*, 245 F.3d at 534 (internal citations omitted) (second alteration in original).  If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates.  20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).

## C.  The ALJ's Finding That Colvin Was Not Disabled is Supported by Substantial Evidence.

In the case at bar, the ALJ concluded at step four that Colvin was not "disabled," based on the finding that Colvin retained a residual functional capacity that would allow her to perform her past relevant work as a cutting machine operator.  A.R. at 18 (ALJ Decision at 6).  On appeal, Colvin argues that the ALJ's conclusion (which was based on the VE's testimony) was not supported by substantial evidence.  Colvin asserts that the VE could not find that Colvin's ability in a given area was "poor" and also find that she still had enough functioning in that area to perform a job requiring that ability.  In support of her position, Colvin relies on the Tenth Circuit's decision in *Cruse v. Dep't of Health & Human Servs.*, 49 F.3d 614 (10th Cir. 1995).  Essentially, Colvin argues for a bright-line rule that, where one receives a rating of "poor" in a particular area, a person is completely precluded from functioning in that area.  We decline to adopt such a rule.

### 1.  The *Cruse* Decision

According to Colvin, *Cruse* supports her argument that the ALJ erred in finding that she was capable of performing as a cutting machine operator despite her "poor" ratings on the medical assessment form.  Colvin Br. at 14.  We disagree.

At issue in *Cruse* was a medical assessment form similar to the one used in the case at bar. *Cruse*, 49 F.3d at 618.  The form in *Cruse* used the term "fair" to mean "seriously limited but not precluded," *id.,* whereas in the case at bar "poor" is so defined.  The Tenth Circuit concluded that "fair" would normally connote that there was "no disabling impairment," and that as a result, the ALJ "misinterpreted . . . Ms. Cruse's abilities to the extent [the evaluating doctors] described those abilities as 'fair.'"  *Id*.  Colvin makes much of the following language in *Cruse*:  "The ALJ apparently considered 'fair' as being evidence of ability.  As that term is defined on the medical assessment form, we hold it is evidence of *dis*ability."  *Id*.

Colvin takes *Cruse* to stand for the proposition that a finding of "seriously limited but not precluded" in an area is tantamount to a finding that one is unable to perform in that area.  But that interpretation can not stand.  The plain meaning of "seriously limited but not precluded" is that one is *not* precluded from performing in that area.  It defies logic to assert that a finding of "not precluded" actually means that one *is* precluded.  Further, the medical assessment form used to evaluate Colvin's abilities also contained the "none" option, which is defined as "[n]o useful ability to function in this area."  J.A. at 355 (Medical Assessment).  If Colvin were completely precluded from functioning in an area, then Dr. Lu had the option of checking the "none" box on the medical assessment form, rather than checking the "poor" box.

Instead, we adopt the Eighth Circuit's interpretation of the *Cruse* holding set forth in its decision in *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000).  The claimant in *Cantrell* made an argument similar to Colvin's argument in this case.  *Id*.  The Eighth Circuit responded:

> The word "fair" is both a measure of ability and disability.  It is on the balance between poor ability to function and greater ability to function.  A physician's use of the term "fair" does not, on its own, declare that the claimant cannot return to past

work.  Rather, the term "fair" requires a review of the entire record in order to judge whether the balance tips toward functional ability or toward disability.

*Id*. at 1107-08.  We believe that this is a common-sense definition, and because "poor" in the case at bar has the same definition that "fair" had in *Cruse* and *Cantrell*, we apply the interpretation in *Cantrell* to the facts of this case.

### 2.  The VE's Testimony

Turning to the VE's testimony at the hearing, we see no error in how the VE reached his conclusion that Colvin could perform the duties of a cutting machine operator.  He based his conclusion both on the entire medical assessment compiled by Dr. Lu, and an assessment of the specific duties necessary to perform as a cutting machine operator.  A.R. at 469-71 (Hr'g at 26-28).  The VE determined that the position required limited judgment and minimal independent performance, and that the areas for which Colvin was rated "fair" compensated for other areas in which she was rated "poor."  *See id*. at 469-71.

Because the VE did not err in making this determination, we, likewise, find no error in the ALJ's reliance on the VE's testimony.  *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.").

## III.  CONCLUSION

Because we conclude that substantial evidence supports the Commissioner's determination that Colvin was not disabled in that she could perform the duties of her past relevant work, we **AFFIRM** the district court's judgment upholding the ALJ's decision.