**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0855n.06

**No. 10-3518**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

PHILLIP STACEY,                                )
                                               )
      Plaintiff-Appellant,               )
                                               )
v.                                             )
                                               )
COMMISSIONER OF SOCIAL                         )    ON APPEAL FROM THE UNITED
SECURITY,                                      )    STATES DISTRICT COURT FOR THE
                                               )    SOUTHERN DISTRICT OF OHIO
      Defendant-Appellee.                )
                                               )
                                               )

> **FILED**
>
> ***Dec 19, 2011***
>
> LEONARD GREEN, Clerk

Before:  MERRITT, CLAY and SUTTON, Circuit Judges.

SUTTON, Circuit Judge.  During a March 2004 examination, Dr. David Randolph found that Philip Stacey was permanently limited to performing sedentary work—an assessment that, if accepted, likely would have rendered Stacey disabled and entitled him to Social Security Disability Insurance benefits.  Because the ALJ did not explain why he discounted Dr. Randolph's opinion in the course of rejecting Stacey's claim, we reverse and remand.

I.

In November 2002, Phillip Stacey injured his back in an on-the-job accident at Appleton Papers, his employer of more than two decades.  He had back surgery on June 5, 2003, to repair a herniated disc and relieve pressure on his spinal nerves.  Although Stacey tried to return to work

intermittently over the next two years, he was never able to stay on the job for more than a month or two at a time. He has not worked regularly since November 2004.

Stacey filed an application for disability insurance benefits in July 2005. The Social Security Administration denied his claim, and Stacey sought review before an ALJ, who found that he was not disabled. Although Stacey suffers from hypertension and degenerative disc disease, the ALJ found that he has the residual functional capacity to perform "a restricted but substantial range of light work," which allows him to do several jobs that are available in sufficient numbers in the national and local economies, including working as a cashier, a housekeeper and a machine operator. A.R. 22–25.

Stacey appealed the ALJ's decision to the Social Security Appeals Council, which denied his request for review. He then filed an action in federal district court challenging the Commissioner's decision. Adopting a magistrate judge's report and recommendation, the district court affirmed the denial of benefits.

II.

The key issue is Stacey's residual functional capacity. The ALJ found that Stacey can perform "light work," A.R. 22–24, which involves lifting ten pounds frequently and twenty pounds occasionally as well as standing and walking for significant portions of the work day. 20 C.F.R. § 404.1567(b). Stacey does not contest that, if he can do light work, his benefits claim fails because there are jobs available in the national and local economies he can perform. Stacey instead argues

that he can perform only "sedentary work," which involves lifting no more than ten pounds and occasionally walking and standing. 20 C.F.R. § 404.1567(a). If Stacey is limited to sedentary work, he is disabled because there are no available jobs he could perform with this restriction, as the Commissioner's Medical–Vocational Guidelines confirm. They direct a finding of "disabled" for an individual of Stacey's age and education who can do only sedentary work and who has non-transferable skills. 20 C.F.R. Part 404, Subpart P, App'x 2, Rule 201.14. (The ALJ did not decide whether Stacey's job skills are transferable or non-transferable because the grids direct a finding of "not disabled" in either case for an individual of Stacey's age and education who can perform light work. *See id*. Rules 202.11 & 202.12.) In reviewing the ALJ's finding that Stacey can perform light work, we ask whether substantial evidence supports it and whether the ALJ applied the correct legal standards in reaching it. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007).

The problem here is that we have no idea what the ALJ thought of a key piece of evidence—Dr. David Randolph's opinion that Stacey is permanently limited to performing sedentary work. In a report prepared after a March 2004 examination, Dr. Randolph wrote that Stacey is "permanent[ly]" limited to "work in a sedentary physical demand characteristic level with lifting capabilities to a maximum of 10 pounds. Bending, twisting and stooping should be done only on a minimal basis. He can stand or walk up to 30 minutes." A.R. 240. These physical restrictions match the Commissioner's own definition of "sedentary work." 20 C.F.R. § 404.1567(a). Although the ALJ cited Dr. Randolph's opinion in the section of his decision recounting Stacey's medical history, A.R. 23, he adopted the opinion of another physician, Dr. Jerry McCloud, as to Stacey's

residual functional capacity. Dr. McCloud, a state agency physician, reviewed Stacey's medical records (but did not physically examine Stacey) and determined that he can lift ten pounds frequently (twenty pounds occasionally) and can stand or walk for six hours out of an eight-hour work day. A.R. 378. These physical restrictions match the Commissioner's definition of "light work." *See* 20 C.F.R. § 404.1567(b). The ALJ did not explain why he (apparently) rejected Dr. Randolph's assessment of Stacey's physical capabilities in favor of Dr. McCloud's. A.R. 23–24.

ALJs must "evaluate every medical opinion [they] receive" by considering several enumerated factors, including the nature and length of the doctor's relationship with the claimant and whether the opinion is supported by medical evidence and consistent with the rest of the record. 20 C.F.R. § 404.1527(d). When the opinion comes from a physician who treated the claimant, the ALJ must "give good reasons" in his written decision for the weight he assigns it. 20 C.F.R. § 404.1527(d)(2); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–45 (6th Cir. 2004). Although this explanatory requirement does not apply to opinions from physicians who, like Dr. Randolph, have examined but not treated a claimant, *see Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010), the ALJ's decision still must say enough "to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).

The ALJ's decision falls short on this score. We have no idea whether the ALJ (1) discounted Dr. Randolph's opinion for valid reasons, (2) discounted Dr. Randolph's opinion for invalid reasons or (3) simply ignored Dr. Randolph's opinion altogether in reaching his conclusion that Stacey has the residual functional capacity to perform light work. While the ALJ's failure to

discuss the weight he assigned to Dr. Randolph's opinion might not have been error if the opinion

concerned a peripheral issue or was merely cumulative of other evidence in the record, that is not

the case here. Dr. Randolph provided one of three medical opinions that spoke to this key issue.

Making matters worse (or at least heightening the need for explanation) is that Dr. McCloud,

whose opinion the ALJ accepted, apparently did not review Dr. Randolph's assessment of Stacey's

physical capabilities in preparing his report. A.R. 383. We considered a similar situation in *Blakeley*

*v. Commissioner of Social Security*, 581 F.3d 399 (6th Cir. 2009). The ALJ adopted an assessment

of the claimant's residual functional capacity from a non-examining state agency physician who did

not review several evaluations of the claimant's physical capabilities from treating and examining

physicians. *Id*. at 408–09. We remanded the case to the agency in part because the ALJ's opinion

gave no "indication" that he "at least considered" that the state agency physician had not reviewed

all of the evidence in the record before giving his opinion significant weight. *Id*. at 409. So too here:

the ALJ does not indicate that he was even aware that Dr. McCloud never reviewed Dr. Randolph's

assessment, much less that he had a valid reason for giving the most weight to Dr. McCloud's

opinion of Stacey's physical capabilities.

The Commissioner argues that "the lack of such an explanation was, at most, harmless."

Commissioner's Br. at 31. But an error is harmless only if remanding the matter to the agency

"would be an idle and useless formality" because "there is [no] reason to believe that [it] might lead

to a different result." *Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004). That

is not the case here. On this record, we cannot tell whether the ALJ rejected Dr. Randolph's opinion

for legitimate or illegitimate reasons or whether he failed to consider it at all in assessing Stacey's residual functional capacity. If the ALJ had accepted Dr. Randolph's assessment of his physical capabilities, there is a strong likelihood that Stacey would have prevailed. The vocational expert testified that Stacey would not be able to work (and hence would be disabled) if he was limited to sedentary work. A.R. 440. And the Medical–Vocational Guidelines would provide for a finding of disabled if Stacey's work skills are non-transferrable. 20 C.F.R. Part 404, Subpart P, App'x 2, Rule 201.14. A remand is in order.

One other matter. The record also contains an opinion concerning Stacey's physical capabilities from Dr. Lynn Robbins, a treating physician who performed Stacey's back surgery in June 2003. Dr. Robbins opined that Stacey "basically is disabled from gainful employment" because "[h]e can only stand for short periods of time, otherwise he has to change positions. He cannot sit very long. He cannot walk very long. He cannot stand very long. He cannot climb, crawl or lift very much." A.R. 370, 376, 397. The ALJ explained that he did not give Dr. Robbins' opinion "controlling weight" because "it is not well supported and [is] inconsistent with other substantial evidence." A.R. 23. Yet the ALJ did not say what weight he gave to Dr. Robbins' opinion. On remand, the parties may litigate the proper weight Dr. Robbins' opinion should receive.

III.

For these reasons, we reverse and remand to the district court with instructions to remand this case to the Commissioner for further proceedings.