NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0519n.06

No. 12-2519

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

May 23, 2013

DEBORAH S. HUNT, Clerk

CIERA DANIEL,   )
                )   ON APPEAL FROM THE
    *Plaintiff-Appellant*,   )   UNITED STATES DISTRICT
                )   COURT FOR THE EASTERN
v.              )   DISTRICT OF MICHIGAN
                )
COMMISSIONER OF SOCIAL SECURITY,   )   **O P I N I O N**
                )
    *Defendant-Appellee*.   )


BEFORE:    COLE and MCKEAGUE, Circuit Judges; ZOUHARY, District Judge.[*]

PER CURIAM. Plaintiff-Appellant Ciera Daniel appeals the district court's affirmance of the Social Security Commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Daniel contends that the Administrative Law Judge's ("ALJ") finding that she was not disabled was unsupported by law or substantial evidence.

Daniel applied for DIB and SSI on April 24, 2008, alleging disability due to bipolar disorder and claiming an onset date of August 26, 2003. The ALJ denied her claims. After the denial, Daniel requested an administrative hearing, which was held via video-conference. The ALJ denied her claims again on March 18, 2010, after the hearing. The Appeals Council declined to review the decision, whereupon Daniel appealed to the district court. The magistrate judge recommended

---

[*] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

affirming the ALJ. The district court rejected Daniel's objections to the report and recommendation, adopted it, and affirmed the denial of benefits. Daniel appeals to this court.

We review the district court decision de novo, which means that—like the district court—we review the Commissioner's decision to verify that the factual findings were supported by substantial evidence and that the correct legal standards were applied. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). When a finding is supported by substantial evidence, we must defer to it, even if substantial evidence also supports an opposite conclusion. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

Daniel contends that four specific findings of the ALJ were not supported by substantial evidence: (1) that Daniel fails to "meet or equal" a 12.04 or 12.08 listing; (2) that the testimony of Daniel's treating physician lacked credibility; (3) that Daniel's medication does not cause side effects so debilitating that she cannot engage in substantial gainful activity; and (4) that jobs that Daniel can perform despite her impairments exist in significant numbers in the national economy. These four issues were comprehensively addressed by both the magistrate judge—in the report and recommendation adopted in full by the district court—and by the district court itself after Daniel raised them as objections to the report and recommendation. Having reviewed the appellate briefs and the record, we agree with the district court's thorough, soundly reasoned opinion and add only two points of clarification, neither of which changes the outcome of this case.

First, we disagree with Daniel's contention that the ALJ "appeared to pick and choose" from the statements of psychiatrist Dr. Sung-Ran Cho—who conducted a consultative psychiatric examination in July 2008—in concluding that Daniel suffers only a moderate limitation in social functioning. *See Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011) (holding that a conclusion is not supported by substantial evidence where the ALJ "leaves [the] Court without a clear understanding" of why one part of a doctor's testimony was credited while another part was discredited). The ALJ explained that he found the evidence gathered by Dr. Cho to be in tension with the GAF (global assessment of functioning) score, and therefore "turn[ed] to the longitudinal treatment record for a more accurate picture." This is a reasonable explanation for the ALJ's decision to weigh Dr. Cho's conclusion less heavily than the "detailed narrative summary" of his clinical findings.

Second, Daniel contends that the ALJ engaged in "unsupported theorizing" in raising the possibility that the treating physician's opinion was unduly influenced by sympathy for Daniel. *See Whitson v. Finch*, 437 F.2d 728, 732 (6th Cir. 1971) (refusing to selectively view the treating physician's report skeptically due to the possibility of sympathy, noting that " a similar skepticism" equally applies to the opinion of a government physician). However, even with possible sympathy removed from the analysis, there is other substantial evidence to support the ALJ's decision on the treating physician's credibility.

Accordingly, we affirm.